IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TODD LOFTIS, | § | CIVIL ACTION NO. |
| | § | 3:06-CV-1633-P |
| Defendant, | § | |
| | § | |
| AMERICAN FUNDS SERVICE CO. et al, | § | |
| | § | |
| Garnishees. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is the United States of America's ("Government") Motion for Reconsideration of the Court's Order Issued September 28, 2007. After careful consideration of the Parties' briefing and the applicable law, the Court hereby GRANTS the Government's motion.

**BACKGROUND**

In December 2005, Todd Loftis pled guilty to conspiracy to defraud the government with false and fraudulent claims in violation of 18 U.S.C. § 286. Mr. Loftis was sentenced to 87 months in prison and ordered to pay restitution in the amount of $20,000,000.00. Upon sentencing, an Internal Revenue Service tax-type lien was imposed on all of Mr. Loftis's property. In an attempt to collect this restitution, the Government filed the instant garnishment action, seeking to garnish the property of Todd Loftis and his community property spouse, Lisa Loftis. Lisa Loftis sought to quash the writ, arguing that the property the Government sought to garnish was exempt because it was her separate property by virtue of a Partition Agreement and that, in any event, the Government could

only garnish one-half of any property deemed community property. (Resp. at 2.) In an order dated September 28, 2007 ("Order"), the Court agreed with Lisa Loftis and held that the Government may seize only Todd Loftis's one-half interest in the couple's community property, regardless of whether it was solely managed by Lisa Loftis or was managed jointly by the couple. On October 15, 2007, the Government filed this Rule 59(e) motion for reconsideration of the Court's order, arguing that it is entitled to seize all community property, not just Todd Loftis's one-half interest in the property.

## DISCUSSION

**A. Ripeness of Motion.**

Lisa Loftis argues that the Government's motion for reconsideration is premature under Rule 59(e) because the Court has not issued a final judgment in this matter. *See* Fed. R. Civ. P. 59(e). In its original order, the Court resolved the merits of Lisa Loftis's motion to quash the Government's writ of garnishment after conducting a hearing pursuant to 28 U.S.C. § 3202(d). (Order at 2.) The hearing was limited to the issue of determining "the probable validity of any claim of exemption by the judgment debtor." 28 U.S.C. § 3202(d)(1). The Court then analyzed whether there was a probability that the Partition Agreement would be set aside, and denied Lisa Loftis's motion to quash based on its conclusion that the Partition Agreement would probably be considered a fraudulent transfer. (Order at 4-5.) The Court did not make a final determination as to whether the property that was the subject of the Partition Agreement was Lisa Loftis's separate property and therefore, exempt from seizure. Likewise, the Court held that it "appears that the government may only seize Todd's one half interest in the Loftis' community property" . . . and granted the motion to quash in part based on that ruling. (Order at 8.) The Court did not issue a final ruling on whether the Government was entitled to seize all the community property. (Order at 7-8.)

2

The Order was an interlocutory decision and "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). The Court will not analyze this as a Rule 59(e) motion but will consider the issues discussed in the Parties' briefing.

**B. The Merits.**

The only ruling the Government challenges is the Court's decision that the Government may seize only Todd Loftis's one-half interest in the couple's community property. The Government argues that *Medaris v. United States,* 884 F.2d 832 (5th Cir. 1989) entitles the Government to the entirety of the community property, except with respect to Lisa Loftis's IRA. (Reply at 3.)

In its initial ruling, the Court noted that 28 U.S.C. § 3205(1) provides that "[c]o-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which the property is located." 28 U.S.C. § 3205(1). The Court then noted that "18 U.S.C. § 3613(a)(1) provides that 'notwithstanding any other Federal law,' all of the property of the person ordered to pay restitution may be garnished subject only to certain Tax Code exemptions which do not apply in this case. Thus, the provisions of 28 U.S.C. § 3205 are inapplicable to proceedings under 18 U.S.C. § 3613." (Order at 6.)

The Court acknowledges that this analysis is flawed and hereby retracts it. Section 3613 entitles the Government to garnish all property of the person ordered to pay restitution and identifies limited exceptions to that rule that do not apply here. *See* 28 U.S.C. § 3613(a). Section 3205 identifies how to ascertain the extent of a debtor's interest in property to which a lien may attach. *See* 28 U.S.C. § 3205(a).

Section 3205(a) requires the Court to look to Texas law to determine what co-owned property may be garnished. Section 3.202 of the Texas Family Code sets forth the type of property that may

3

be subject to the liabilities of a debtor ("debtor") and the spouse of the debtor ("spouse"). *See* Tex. Fam. Code Ann. § 3.202 (Vernon 2006). According to the statute, the martial property subject to the liabilities of a debtor are: the debtor's separate property, the debtor's sole-managed community property and the couple's jointly-managed community property. *See* Tex. Fam. Code Ann. § 3.202(c). *Mock v. Mock*, 216 S.W.3rd 370, 374 (Tex. App.–Eastland 2006); *Nelson v. Citizen's Bank and Trust Co.,* 881 S.W.2d 128, 131 (Tex. App.–Houston [1st Dist.] 1994). The spouse's separate property and the spouse's sole-managed community property are not subject to the non-tortious liabilities of the debtor incurred during marriage. *See id.* § 3.202(a), (b)(2).

In *Medaris v. United States,* 884 F.2d 832, 833-34 (5th Cir. 1989), the Fifth Circuit held that where federal income tax liens are concerned, the spouse's sole-managed community property is not exempt from the debtor's creditors because the Supreme Court has held that such "state law exemptions are not effective against the United States." The court reasoned that because the community nature of the property vests the debtor with a one-half interest in the spouse's income and because the sole-management exemption is ineffective against the federal government, the federal government can garnish the debtor's one-half interest in the spouse's income. *See id.* at 833-34. The court also held that under the Texas Family Code, a debtor's earnings that are under his sole management, control and disposition are considered sole-management community property - the entirety of which is subject to the debtor's liabilities. *See id.* at 835.

Prior to the execution of the Partition Agreement, which has been set aside for purposes of this garnishment, Lisa Loftis had a teacher retirement account totaling approximately $17,000. That property is undisputedly considered her sole-management community property - to which the government is entitled to Todd Loftis's one-half interest pursuant to *Medaris*. It is undisputed that

the remainder of the funds are either the joint-management community property of the couple or Mr. Loftis's sole-management community property - all of which the government is entitled to pursuant to the Texas Family Code.

## **CONCLUSION**

The Court hereby GRANTS the Government's motion and REVERSES its ruling that the Government may not seize Lisa Loftis's one-half interest in the couple's community property (that property that was jointly-managed and managed by Todd Loftis). The Court DENIES Lisa Loftis's motion to quash to the extent the Government seeks to seize Lisa Loftis's one-half interest in any jointly-managed community property or community property solely managed by Todd Loftis. The Court hereby VACATES those portions of its earlier Order to the extent they conflict with this Order.

The Court hereby instructs the Parties to submit a Joint Status Report in this case no later than February 15, 2008 concerning how the Parties intend to proceed with respect to the outstanding issues described herein and any other unresolved issues in this case.

It is SO ORDERED, this 1st day of February 2008.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE