IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TODD LOFTIS, | § | CIVIL ACTION NO. |
| | § | 3:06-CV-1633-P |
| Defendant, | § | |
| | § | |
| AMERICAN FUNDS SERVICE CO. et al, | § | |
| | § | |
| Garnishees. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is the Government's Motion for Entry of Final Order of Garnishment, filed February 5, 2008. After careful consideration of the motions, briefing and applicable law, the Court hereby DENIES the Government's motion.

## PROCEDURAL HISTORY

In December 2005, Todd Loftis pled guilty to conspiracy to defraud the government with false and fraudulent claims in violation of 18 U.S.C. § 286. Todd Loftis was sentenced to 87 months in prison and ordered to pay restitution in the amount of $20,000,000.00.

In an attempt to collect the criminal restitution, the Government filed an Application for Writs of Garnishment to several garnishees, some of which filed answers acknowledging they held personal property belonging to Todd Loftis or his spouse, Lisa P. Loftis.

Lisa Loftis, who was a party-in-interest in the case, filed a motion to quash the writs of garnishment and requested a hearing, which was held on December 20, 2006. The Court entered an

order on September 28, 2007 (which was amended on February 1, 2008) denying Lisa Loftis's motion to quash and holding that the Government is entitled to the entirety of the funds garnished in this case, except for one-half of Lisa Loftis's teacher retirement account. The Government now seeks a final order of garnishment pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act of 1990.

## DISCUSSION

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3307 (West 2006) outlines the procedures for recovering on a restitution order. Section 3202 requires the Government to notify the judgment debtor as well as each person with an interest in the property about the institution of the action and his or her right to a hearing to determine if an exemption applies. *See* 28 U.S.C. § 3202(a), (b), (d). When requesting a hearing, the judgment debtor may also request that the Court quash the writ. *See* 28 U.S.C. § 3202(d). The issues that may be addressed at the hearing are limited by the FDCPA and include "the probable validity of any claim of exemption by the judgment debtor." 28 U.S.C. § 3202(d).

Lisa Loftis timely filed her request for a hearing and to quash the writs. Lisa Loftis argued that much of the property at issue was not subject to garnishment because it was her separate property pursuant to a partition agreement entered between Todd Loftis and Lisa Loftis on September 9, 2004 ("Partition Agreement"). The Government argued that the Partition Agreement was a fraudulent transfer, that the property did not become her separate property, and that the property was not exempt from garnishment.

The Court held a hearing on Lisa Loftis's motion to quash on December 20, 2006. At the hearing, Lisa Loftis raised the issue of the exempt status of the property due to the Partition

Agreement to which the Government raised the defense of fraudulent transfer. The Court heard testimony about the validity of the Partition Agreement and held that Lisa Loftis's claim of exemption was not likely valid pursuant to § 3202(d)(1).

In its order of September 28, 2007 [Doc. No. 60], the Court gave a detailed explanation for its finding that the defense of fraudulent transfer was properly before the Court during the hearing on Lisa Loftis's motion to quash. The Court held that it had to resolve the issue of the fraudulent transfer in order to resolve the issue of the exempt status of the property.

However, 28 U.S.C. § 3306(a)(1) does require the Government to institute a separate action to obtain actual avoidance of a fraudulent transfer. Although the issue of fraudulent transfer was before the Court in the context of the motion to quash, the Government must amend its pleading within ten (10) days from the date of this Order to include the institution of a "proceeding" to set aside a fraudulent transfer, in accordance with § 3306. The Court sees no reason why these two proceedings (*e.g.,* motion to quash and motion to set aside fraudulent transfer) cannot be consolidated into this single garnishment action.

Further, the Parties must submit within twenty (20) days from the date of this Order a discovery schedule and hearing date to resolve the fraudulent transfer issue by a preponderance of the evidence and any other outstanding issue(s) that may remain.

It is SO ORDERED, this 25th day of March 2008.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE